FILED
JUN 12 2026
CLERK'S OFFICE
DETROIT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
JUN 12 2026
CLERK'S OFFICE
DETROIT

**UNITED STATES OF AMERICA, Plaintiff,**
**v.**
**GREGORY McKNIGHT, Defendant,**

**and FIDELITY INVESTMENTS INSTITUTION-PENSION and PRUDENTIAL RETIREMENT, Garnishees.**

**Case No.: 4:26-mc-50538**

**(Related: 4:12-cr-20101-MAG)**

**Hon. Mark A. Goldsmith**

## DEFENDANT'S OBJECTIONS TO WRITS OF CONTINUING GARNISHMENT, CLAIM OF EXEMPTIONS, CONDITIONAL REQUEST FOR HEARING, AND MOTION TO STAY GARNISHMENT PROCEEDINGS

Defendant Gregory McKnight, appearing pro se, respectfully submits these Objections to the Writs of Continuing Garnishment issued herein, asserts his right to a hearing pursuant to 28 U.S.C. § 3202(d) and § 3205(c)(5), and moves this Court to stay garnishment proceedings pending resolution of his pending motion in the underlying criminal case. Defendant requests a hearing only if the Court concludes that a hearing is necessary or declines to stay the garnishment proceedings. In support, Defendant states as follows:

### I. TIMELY REQUEST FOR HEARING

Defendant received the Fidelity garnishment papers, including the Clerk's Notice of Exemptions and Writ of Continuing Garnishment, by U.S. Mail on June 2, 2026, and received the Prudential garnishment papers, including the Clerk's Notice of Exemptions and Writ of Continuing Garnishment, by U.S. Mail on June 3, 2026. This filing is submitted within the applicable 20-day period prescribed by 28 U.S.C. § 3202(d). Defendant requests a hearing only if the Court concludes that a hearing is necessary or declines to stay the garnishment proceedings.

### II. THE WRITS CANNOT STAND IF THE RESTITUTION ORDER LACKS STATUTORY AUTHORITY

#### A. The Writs Rest on a Void Judgment.

The Application for Writ of Continuing Garnishment invokes a restitution order entered in Case No. 4:12-cr-20101. A writ of garnishment depends upon the validity and scope of the judgment it seeks to enforce. If the underlying judgment is void for lack of jurisdiction or statutory authority, no enforceable debt remains to support garnishment. *See United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990) (enforcement remedy cannot exceed scope of underlying judgment).

#### B. No Statutory Authority Supported the Restitution Order.

Defendant contends that the restitution order entered in Case No. 4:12-cr-20101 was imposed without the statutory authority required to sustain it. The Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, authorizes restitution only for specifically enumerated offense categories. Defendant further contends that the offense of conviction in Case No. 4:12-cr-20101 does not fall

within any MVRA-enumerated category, and that no other applicable restitution statute authorized the order as entered. A court may not impose restitution beyond what Congress has authorized. *See United States v. Simmonds*, 235 F.3d 826, 831 (3d Cir. 2000). On that basis, Defendant submits that the restitution order is subject to challenge for lack of statutory authority and cannot support enforcement if the Court agrees.

**C. This Objection Is Not Subject to Waiver or Forfeiture.**

Defendant submits that a challenge grounded in the absence of statutory authority is not necessarily barred merely because it was not raised earlier at sentencing or on direct appeal. *See United States v. Coleman*, 688 F.2d 663, 665 (9th Cir. 1982). Defendant further submits that the government's present enforcement efforts do not resolve or eliminate any underlying defect in the restitution order.

## III. STAY PENDING RESOLUTION OF ECF NO. 66

Defendant has filed a Motion for Relief from Void Judgment (ECF No. 66, Case No. 4:12-cr-20101), together with a Supplement filed and served the week of June 2, 2026, which presents the same issue raised here regarding the validity of the restitution order. In these circumstances, Defendant submits that allowing garnishment to proceed before that motion is resolved could result in avoidable prejudice and unnecessary enforcement activity if the Court determines that the restitution order cannot support collection.

A stay would also promote judicial economy. The issues presented here substantially overlap with those raised in ECF No. 66, and the Court's resolution of that motion may materially affect these garnishment proceedings. A temporary stay would therefore help avoid potentially unnecessary enforcement steps while the threshold issue is under review.

To the extent the Financial Litigation Unit relies on the receiver's final civil report for a restitution-related figure, that same figure appears to have been repeated in this proceeding even though the report itself reflects distributions rather than a final accounting of total collections. The report does not identify the full universe of underlying collections, and it does not provide a complete reconciliation of fees, administrative expenses, litigation costs, or credits. On this record, use of the same distribution figure in multiple places does not cure those limitations or establish the reliability of that figure as a complete restitution accounting.

Accordingly, Defendant requests that the Court stay proceedings in Case No. 4:26-mc-50538, including any instruction to Fidelity Investments Institution-Pension or Prudential Retirement to withhold or disburse assets, pending resolution of ECF No. 66 and any supplement or related filing thereto in Case No. 4:12-cr-20101.

## IV. ALTERNATIVELY, THE WRITS WARRANT REVIEW UNDER THE EIGHTH AMENDMENT

Restitution imposed under the Mandatory Victims Restitution Act is criminal punishment. *See Ellingburg v. United States*, 607 U.S. ___ (2026). The Excessive Fines Clause is therefore implicated. U.S. Const. amend. VIII; *United States v. Bajakajian*, 524 U.S. 321, 328, 334 (1998). For the reasons set forth in Section II, Defendant contends that the restitution order entered in Case No. 4:12-cr-20101 lacks statutory support and, if so, would not provide a valid basis for the writs. In the alternative, Defendant submits that a restitution amount of $48,969,660.00 warrants scrutiny as to whether it bears a reasonable relationship to any proven, individualized victim loss directly and proximately attributable to Defendant. Defendant further contends that the present record does not clearly establish, through findings reflected in the available record, losses of that magnitude directly

and proximately attributable to him personally. On either view, Defendant submits that enforcement of the writs warrants review under the Eighth Amendment.

## V. CLAIM OF EXEMPTIONS

Without waiving and expressly reserving the objections set forth above, and solely in the alternative, Defendant asserts all exemptions applicable under 28 U.S.C. § 3014 and 18 U.S.C. § 3613(a), including all exemptions enumerated in 26 U.S.C. § 6334(a) to the extent applicable. Defendant reserves the right to identify and assert additional specific exemptions upon receipt of a complete accounting of the assets identified in the writs.

## VI. PRAYER FOR RELIEF

For the foregoing reasons, Defendant respectfully requests that this Court:

1. Set a hearing pursuant to 28 U.S.C. § 3202(d) and § 3205(c)(5), if the Court concludes that a hearing is necessary or declines to stay the garnishment proceedings;
2. Stay all garnishment proceedings in Case No. 4:26-mc-50538, including any instruction to Fidelity Investments Institution-Pension or Prudential Retirement, pending resolution of ECF No. 66 and any supplement or related filing thereto in Case No. 4:12-cr-20101;
3. Quash the Writs of Continuing Garnishment on the ground that the underlying restitution order was entered without statutory authority and cannot support enforcement;
4. Quash the Writs of Continuing Garnishment on the ground that their enforcement would violate the Eighth Amendment's Excessive Fines Clause under *United States v. Bajakajian*, 524 U.S. 321 (1998); and
5. If the Court quashes the writs, terminate the garnishment proceedings and close this miscellaneous enforcement action, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Gregory McKnight
Defendant, Pro Se
405 Harshman St.
Rawlins, WY 82301
Date: June 3, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, I caused a true and correct copy of the foregoing to be served upon the following by U.S. Mail, first-class postage prepaid:

**Peter F. Schneider**
**Assistant United States Attorney**
**211 W. Fort Street, Suite 2001**
**Detroit, Michigan 48226**

Gregory McKnight
Defendant, Pro Se

Gregory McKnight
405 Harshman St.
Rawlins, WY 82301

CHEYENNE WY 820
8 JUN 2026 AM 1 L

Freedom 250
usa forever

United States District Court
Eastern District of Michigan – Clerk's Office
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 599
Detroit, MI 48226

RECEIVED
JUN 12 2026
CLERK'S OFFICE
U.S. DISTRICT COURT

48226-270099