5

~~21-20101~~

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

26-50538

**UNITED STATES OF AMERICA,**
***Plaintiff-Respondent,***
**v.**
**GREGORY N. McKNIGHT,**
***Pro Se Defendant-Movant.***

**Hon. Mark A. Goldsmith,**
**United States District Judge**

## DEFENDANT'S CONSOLIDATED REPLY BRIEF IN OPPOSITION TO GOVERNMENT'S MOTION FOR ENLARGEMENT OF TIME (ECF NO. 70) AND IN SUPPORT OF MOTIONS AT ECF NOS. 66, 67, AND 68, WITH REQUEST FOR IMMEDIATE STAY OF RESTITUTION ENFORCEMENT

Filed Pro Se by Gregory N. McKnight, Defendant-Movant

## PRELIMINARY STATEMENT

Pro Se Defendant-Movant Gregory N. McKnight respectfully opposes the Government's Motion for Enlargement of Time (ECF No. 70) and requests an immediate stay of restitution enforcement, including the July 15, 2026 garnishment hearing in Case No. 4:26-mc-50538. The Government seeks 90 additional days to respond to ECF Nos. 66, 67, and 68, but it identifies no existing court-ordered or rule-based deadline that Rule 45(b) could extend. At the same time, the Government is actively pursuing garnishment based on the same restitution order now under challenge. That combination—delay for the Government, enforcement against McKnight—would be unfair and prejudicial.

The pending motions raise serious issues concerning the validity of the judgment, the restitution order, and the adequacy of the sentencing record. The sentencing transcripts show that key restitution figures were disputed, that the restitution discussion relied heavily on receiver and attorney statements rather than sworn testimony or admitted exhibits, and that enforcement is now imminent. The Court should deny the requested 90-day extension, or at minimum condition any short extension on an immediate stay of all restitution enforcement.
For these reasons, the Court should deny ECF No. 70 or, at minimum, stay restitution enforcement while ECF Nos. 66, 67, and 68 remain pending.

---

FILED
CLERK'S OFFICE
JUL 15 2026
U.S DISTRICT COURT
EASTERN MICHIGAN

# ARGUMENT

## I. THE GOVERNMENT'S MOTION FOR ENLARGEMENT OF TIME (ECF NO. 70) IS PROCEDURALLY IMPROPER AND MUST BE DENIED

The Government's request should be denied. Rule 45(b) applies only when an act must be done within a specified period. The Government identifies no existing response deadline for ECF Nos. 66, 67, or 68. There is therefore no deadline to extend. Even if the Court treats ECF No. 70 as a general scheduling request, 90 days is excessive given the pending July 15, 2026 garnishment hearing.

## II. THE PENDING MOTIONS PRESENT SERIOUS ISSUES THAT SHOULD BE DECIDED BEFORE ENFORCEMENT CONTINUES

ECF Nos. 66, 67, and 68 raise substantial challenges to the judgment, the restitution order, and the sentencing record. Those issues need not be fully reargued here. The critical point for present purposes is that they are serious enough to require prompt review before the Government is permitted to continue enforcing the challenged restitution order through garnishment.

First, ECF No. 66 challenges the judgment and related sentencing terms. The sentencing transcript controls over any inconsistent written judgment, and any material discrepancy must be corrected. Second, ECF No. 67 challenges the restitution order and supervised-release issues, including the constitutional status of restitution as criminal punishment. Third, ECF No. 68 challenges the factual basis for sentencing and restitution, including the lack of sworn testimony, admitted exhibits, cross-examination, and express findings on disputed restitution figures.

## III. THE COURT SHOULD STAY RESTITUTION ENFORCEMENT NOW

A stay is warranted because the July 15, 2026 garnishment hearing creates immediate and concrete prejudice. If enforcement proceeds before the Court resolves ECF Nos. 66, 67, and 68, McKnight may suffer financial harm from a restitution order that is under active legal challenge. By contrast, a short stay would not prejudice the Government: if the restitution order is upheld, enforcement can resume. The equities and judicial economy favor a stay. The pending motions present serious legal questions; the harm from immediate garnishment is practical and potentially irreversible; a temporary stay preserves the status quo; and resolving ECF Nos. 66, 67, and 68 first may avoid unnecessary garnishment proceedings, duplicative litigation, and potential unwinding of enforcement efforts. The public interest also favors ensuring that criminal restitution enforcement rests on a valid judgment and a reliable record.

Accordingly, if the Court grants the Government any additional time, the Court should stay all restitution enforcement during that extension period.

## CONCLUSION

For the foregoing reasons, McKnight respectfully requests that the Court:

1. **DENY** the Government's Motion for Enlargement of Time (ECF No. 70) as procedurally improper under Rule 45(b) of the Federal Rules of Criminal Procedure, because there is no predicate "specified period" to extend;
2. Alternatively, if any extension is granted, limit it to a short period and condition it on an immediate stay of restitution enforcement;
3. Stay all restitution enforcement, including the July 15, 2026 garnishment hearing in Case No. 4:26-mc-50538, pending resolution of ECF Nos. 66, 67, and 68;
4. Resolve ECF Nos. 66, 67, and 68 before permitting any further enforcement of the challenged restitution order; and
5. Grant any other relief the Court deems just and proper.

Respectfully Submitted,

Gregory N. McKnight
Pro Se Defendant-Movant
405 Harshman St.
Rawlins, WY 82301

Dated: July 8, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2026, I placed into the United States Mail, with first-class postage prepaid, a true and correct copy of the foregoing **Defendant's Consolidated Reply Brief in Opposition to the Government's Motion for Enlargement of Time (ECF No. 70)** and **Request for Immediate Stay of Restitution Enforcement**, addressed to the following:

**For Filing in the Criminal Case (4:12-cr-20101-01):**
**Clerk of Court**
United States District Court
Eastern District of Michigan
Theodore Levin U.S. Courthouse 231 W. Lafayette Blvd.
Detroit, MI 48226

**For Service on the United States (Criminal Case):**
**Jessica Ashley Nathan, AUSA**
United States Attorney's Office
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, MI 48226

**For Filing in the Garnishment Case (4:26-mc-50538):**
**Clerk of Court**
United States District Court
Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd.
Detroit, MI 48226

**For Service on the United States (Garnishment Case):**
**Peter Schneider, AUSA – Financial Litigation Unit**
United States Attorney's Office
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, MI 48226

**For Service on the Garnishee (Required by 28 U.S.C. § 3205):**
**Fidelity Workplace Services LLC**
Attn: Legal Department / Garnishment Processing
100 Salem Street
Smithfield, RI 02917

Respectfully submitted,

**Gregory N. McKnight**
Pro Se Defendant-Movant
405 Harshman St.
Rawlins, WY 82301
Dated: July 8, 2026

Gregory McKnight
405 Harshman St.
Rawlins, WY 82301

CHEYENNE WY
11 JUL 2026



RECEIVED
JUL 15 2026
CLERK'S OFFICE
DETROIT

U.S. MARSHALS

Clerk of Court (Misc,/ Garnishment Div.)
United States District Court
Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd.
Detroit, MI 48226

48226-279426