UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 26-mc-50538
Hon. Mark A. Goldsmith

GREGORY MCKNIGHT,

Defendant,

and

FIDELITY WORKPLACE SERVICES, LLC,

Garnishee.

---

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY GARNISHMENT AND RESTITUTION PROCEEDINGS [ECF NO. 7 AND 19]**

---

**COMES NOW,** Plaintiff, the United States of America, in opposition to Defendant, Gregory N. McKnight's Motion for Stay of Garnishment and Restitution Proceedings (ECF No. 7 and 19) (the "Motion") and in response to the Court's July 21, 2026, Order (ECF No. 20).

## SUMMARY

Defendant requests a stay of the garnishment proceedings pending the outcome of his collateral attack on his judgment in his criminal case. (ECF No. 7, at

PageID.48). *See also United States v. McKnight*, 4:12-cr-20101 01, ECF No. 66 ("*McKnight Criminal Case*"). Defendant's request should be denied because: 1) a stay is unwarranted under applicable law; 2) Defendant cannot establish irreparable harm absent a stay; and 3) granting a stay would violate public interest.

## BACKGROUND SUMMARY

The Government charged Defendant with one count of wire fraud, which he committed while operating a Ponzi scheme that affected thousands of investors. (*Id.*, ECF No. 1). *See also SEC v. McKnight, et al*, 4:08-cv-11887 ("*McKnight SEC Case*"). Defendant pleaded guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) and a plea agreement. (*McKnight Criminal Case*, ECF No. 7). As part of his plea, Defendant waived his right to appeal his conviction and sentence, either directly or by collateral attack, in exchange for a sentencing range that would not exceed the top of a sentencing guideline range, calculated to be 151 to 188 months in prison. (*Id.*). Defendant was sentenced on August 6, 2013. (*Id.*, ECF No. 16). Defendant received a 188-month term of imprisonment with 3 years of supervised release. (*Id.*, at PageID.110 and 112). Defendant was also ordered to pay a special assessment of $100.00 and restitution in the amount of **$48,969,560.00**. (*Id.*, at PageID.114).

On August 16, 2013, Defendant filed a notice of appeal.[1] *See United States v. McKnight*, 13-2075, Dkt. 1 ("*McKnight Appeal*"). On December 13, 2013, Defendant's appointed appellate counsel filed an *Anders* brief and a motion to withdraw as counsel. (*Id*., Dkt. 36). On January 16, 2014, Defendant filed a response to the *Anders* brief. (*Id*., Dkt. 47-1). While Defendant alleged errors by the Court and the government,[2] his counsel determined there were "no non-frivolous issues" in Defendant's direct appeal and requested leave to withdraw from representing Defendant. (*Id*., Dkt. 36, at PageID.11, and Dkt. 47-1). On June 18, 2024, the Court of Appeals granted Defendant's counsel's motion to withdraw, found Defendant's appeal "wholly without merit[,]" concluded that "no viable challenge to McKnight's plea or to the appellate waiver exists[,]" and affirmed the Court's judgment. (*Id*., Dkt. 50-2, at PageID.2 and 4). On July 10, 2014, the Court of Appeals issued a mandate for the appeal. (*Id*., Dkt. 52).

Undaunted, on September 9, 2015, Defendant filed a Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, alleging several instances of

---

[1] Defendant's appeal was in violation of the terms of Defendant's Rule 11 plea agreement. (ECF No. 7, at PageID.25–26 "If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives the right to appeal his conviction or sentence on any grounds.").

[2] Defendant alleged seven errors in support of his appeal, of relevance: (1) that the district court erred by adopting the plea agreement which contained a restitution amount known to be false; and (2) that the district court erred adopting a plea agreement not in compliance with Rule 11. (*Id*.).

ineffective assistance of counsel. (*McKnight Criminal Case,* ECF No. 31). On June 2, 2016, the Court issued an Opinion and Order Denying Defendant's § 2255 Motion and Denying Certificate of Appealability after finding Defendant's claim for relief lacked merit. (*Id*., ECF No. 44).

On December 12, 2024, Defendant received an Executive Grant of Clemency (the "Grant") from then President Joseph R. Biden Jr. (*Id*., ECF No. 63, at PageID.594). Specifically, the Grant commuted Defendant's prison sentence to expire on December 22, 2024, while "leaving intact and in effect … the term of supervised release imposed by the court with all of its conditions and all other components of [the] sentence." (*Id*., at PageID.582). Defendant was released from BOP custody on December 20, 2024 and began his period of supervised release. (*Id*., ECF No. 65).

On March 9, 2025, pursuant to 18 U.S.C. § 3605, the jurisdiction of Defendant's supervised release was transferred to the United States District Court for the District of Wyoming ("Wyoming"). (*Id*.). While Defendant's supervised release was monitored by Wyoming, the enforcement of his restitution was not transferred and remains with the Eastern District of Michigan.[3]

---

[3] Section 3605 expressly authorizes the transferee court to exercise "all" of the powers it has under Chapter 229 Subchapter A or Chapter 227, Subchapters B or D. Restitution statutes are in Chapter 232 of Title 18 and confer the transferee Court with limited jurisdiction that pertains only to issues involving supervision of the

Since the imposition of Defendant's judgment for restitution, in parallel with the Receiver in the *McKnight SEC Case*, the United States has made efforts to satisfy Defendant's outstanding restitution (the United States is still in the process of reconciling the amounts collected by the Receiver with the United States' balance). On January 20, 2026, the United States Attorney's Office for the Eastern District of Michigan's Financial Litigation Program (the "USAO") received notice from Defendant's Probation Officer that Defendant had nonexempt assets available to satisfy a portion of his restitution. Due to Defendant's reluctance to provide clear and accurate information concerning his financial circumstances, the USAO has instituted other means of collection, including but not limited to, recording liens, issuing garnishments, and other civil actions. In response, Defendant seeks a "stay of proceedings" associated with the United States' enforcement of Defendant's criminal judgment, including but not limited to the United States' garnishment actions. (ECF No. 7 and 19). Defendant cites no authority to stay the government's enforcement of restitution or related garnishment proceedings.

---

defendant. Section 3605 excludes the statutes governing fines and restitution from transfer of jurisdiction, over which the sentencing court retains jurisdiction.

## ARGUMENT

### A. A Stay Is Unwarranted Under Applicable Law.

Defendant has not established a stay is warranted in this case. The Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001–3308, is the applicable federal law for the government to collect criminal restitution. The FDCPA's definition of "debt" includes "an amount that is owing to the United States on account of a … fine, assessment, penalty, restitution." 28 U.S.C. § 3002(3)(B). The FDCPA's rules of construction provide that it "shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law … to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case." *Id*. § 3003(b)(2). The FDCPA affords the government nationwide enforcement power, *id*. § 3004, and the Court discretion to deny, limit, extend, or modify the use of FDCPA enforcement procedures. *Id*. § 3013. Subchapter C of the FDCPA, entitled Post-Judgment Remedies, provides for the enforcement of judgments, including garnishment of the judgment debtor's property that is in the possession, custody, or control of persons other than the judgment debtor. 28 U.S.C. §§ 3202–3205. "[T]he provisions of 18 U.S.C. § 3613(a) state that the United States may enforce a judgment imposing a fine, restitution, or assessment against the property of the person fined, with the exception of those exemptions found in 26 U.S.C. § 6334." *United States v. Nash*, 175 F.3d 440, 443 (6th Cir. 1999).

Under 28 U.S.C. § 3202(d), a judgment debtor may request a post-deprivation hearing regarding the issuance of, or property subject to, a writ within 20 days of receipt of the writ. The issues at a hearing on a motion to quash are limited to: 1) the probable validity of any claim of exemption by the judgment debtor; 2) the compliance with any statutory requirement for the issuance of the post judgment remedy granted; and 3) if the judgment is by default, the probable validity of the claim for the debt which is merged in the judgment and the existence of good cause for setting aside the judgment. *Id*. A "stay" of the proceedings is not an available remedy under § 3202(d) and is "not an opportunity for [Defendant] to challenge the validity of the underlying conviction or restitution obligation." *See United States v. Pugh*, 75 Fed.Appx. 546, 547 (8th Cir. 2003). *See also United States v. Whitt*, No. 11-50395, 2011 WL 4062459, at *1 (E.D. Mich. Sept. 13, 2011) ("An attack on a restitution recalculation or obligation by means of an objection to garnishment is an impermissible route to collaterally attack the judgment. . . . An objection to garnishment may only challenge 'exemptions to which [the defendant] might be entitled, and the government's compliance with the [Fair Debt Collection Practice Act.]'" (citing *Pugh* at 547)).

Defendant's request for a stay is not a cognizable ground for relief in the garnishment proceeding. Where the underlying judgment was not by default, a judgment debtor can obtain relief from garnishment on only two bases: a valid

exemption or the government's failure to comply with the statutory requirements for the garnishment process. 28 U.S.C. § 3202(d). The judgment debtor has the burden of proving that a basis for relief exists. 28 U.S.C. § 3205(c)(5); *United States v Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996).

The Government complied with the statutory requirements of 28 U.S.C. §§ 3202 and 3205, and as of July 23, 2026, Defendant's outstanding restitution balance is $48,957,585.04. Defendant's objections do not provide a valid basis to set aside the Writ as identified in 28 U.S.C. § 3202(d), and he failed to claim with any specificity the garnished property qualifies for any exemptions. (ECF No. 7, at PageID.49 "[Solely in the alternative, Defendant asserts all exemption applicable under 28 U.S.C. § 3014 and 18 U.S.C. § 3613(a), including all exemptions enumerated in 26 U.S.C. § 6334(a) to the extent applicable." Accordingly, Defendant's request for a stay is beyond the relief afforded under the FDCPA.

**B. Defendant Cannot Establish "Immediate And Concrete Prejudice"[4] Absent A Stay.**

Defendant alleges a stay is warranted "because the July 15, 2026 garnishment hearing creates immediate and concrete prejudice" and claims he "may suffer financial harm." (*Id.*). Defendant fails to articulate any certain, great, and actual injury, or even where such standard arises from; instead, he points to theoretical

[4] (ECF No. 19, at PageID.89).

harm and "potential unwinding of enforcement efforts." (*Id.*). As discussed during the July 16, 2026 garnishment hearing, a garnishee (Prudential Retirement) disclosed it did not hold any property or property interests on behalf of Defendant, and a second garnishee (Fidelity Workplace Services, Inc)[5] has yet to file its answer. (ECF No. 15 and 14). The government's filing of garnishments against third parties provides valid notice of its interest in Defendant's property and/or property interests and does not in and of itself demonstrate prejudice to Defendant. As such, enforcement presents no "additional" risk to Defendant of "immediate and concrete prejudice," but a stay would harm Defendant's victims. "Justice cannot be considered served until full restitution is made." *United States v. Cheal,* 389 F.3d 35, 49 (1st Cir. 2004).

Staying enforcement of the restitution and not securing any funds pending determination of Defendant's motion in *McKnight's Criminal Case* would be a detriment to his numerous victims because the risk of dissipation of Defendant's assets could only increase, rendering the ability of the government to collect the restitution amount owed to them far less likely, and inapposite to the intent of Congress. Under the Mandatory Victims' Restitution Act ("MVRA"), 18 U.S.C. §

[5] Fidelity Investments Institution-Pension was initially named as the garnishee and the garnishee name has since been corrected to Fidelity Workplace Services, LLC. (ECF No. 5 and 16).

3663A, the Attorney General is required to enforce a victim restitution order "aggressively" to ensure that the rights of victims are enforced. 18 U.S.C. § 3612(c); *United States v. Ekong,* 518 F.3d 285, 286 (2007); Victim Restitution Act of 1995, Pub. L. No. 104-132, at 23, 1996 U.S.C.C.A.N. 924, 936. The legislative history of the MVRA demonstrates Congress's determination to provide full restitution to victims of fraud if at all possible. The Senate Judiciary Committee, in its report on the bill that would become the MVRA, stated: "It is essential that the criminal justice system recognize the impact that crime has on the victim, and, to the extent possible, ensure that [the] offender be held accountable to repay these costs." S. Rep. No. 104-179, at 18 (1995), *reprinted in* 1996 U.S.C.C.A.N. 924, 930. The United States must be permitted to enforce collection against Defendant's available, nonexempt assets to obtain satisfaction of the restitution and justice for the victims.

**C. Granting The Stay Would Violate Public Interest.**

Public interest is not served by a stay in this case. In fact, the public interest would be violated and severely hindered. Defendant's argument that a stay of enforcement of his restitution debt is not contrary to public policy and only results in a "temporary suspension" of the Government's ability to collect lacks merit. The purpose of restitution is to "ensure that victims, to the greatest extent possible, are made whole for their losses." *United States v. Young,* 108 F.4th 1307, 1319 (11th Cir. 2024). Defendant potentially has available, nonexempt assets at his disposal,

and to stay enforcement of his restitution risks the likelihood of the victim being made whole. The public interest is better served by holding Defendant to his restitution obligation, which stems from his fraud upon hundreds of individuals.

A stay in this case would cripple the government's ability to collect contrary to congressional mandates and existing federal statutes, all of which seek to serve the public's interest in ensuring that restitution recovery remains victim-focused. A stay would also run afoul of the victim's statutory "right to full and timely restitution as provided in law" under the Crime Victims' Rights Act. 18 U.S.C. § 3771(a)(6). Perhaps most importantly, a stay would be unjust. It would elevate the desires of a convicted felon above his victims, perpetrating the same motivation (greed) that resulted in his criminal conduct that caused substantial loss to so many.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court deny Defendant's Motion to Stay Garnishment and Restitution Enforcement Proceedings (ECF No. 7 and 19), and for such other and further relief as is just and appropriate.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant United States Attorney
TX Bar 24090291
211 W. Fort St., Ste. 2100
Detroit, MI 48226
T: 313-226-9643
E: Jessica.Nathan@usdoj.gov

Dated: July 23, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2026, the foregoing was filed with the Clerk of the Court via ECF which will cause service upon counsel of record.

I further certify that on July 23, 2026, the foregoing was served via First Class mail on the following non-ECF participants:

Gregory McKnight
REDACTED
Rawlins, WY 82301

s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant United States Attorney
TX Bar 24090291
211 W. Fort St., Ste. 2100
Detroit, MI 48226
T: 313-226-9643
E: Jessica.Nathan@usdoj.gov

Dated: July 23, 2026