18

# COMBINED LEGAL PACKET
# GARNISHMENT CHALLENGE

26-13022

FILED
CLERK'S OFFICE
SEP 01 2026
U.S DISTRICT COURT
EASTERN MICHIGAN

Prepared by and on Behalf of:

**GREGORY N. McKNIGHT**
**405 Harshman St., Rawlins, WY 82301**
**Pro Se**

**Date:** August 27, 2026

**Re:** Challenge to Writ of Garnishment — Protected Federal Benefit Funds
**Financial Institution:** Navy Federal Credit Union (NFCU)
**Opposing Party:** U.S. Attorney's Office, Eastern District of Michigan
**AUSA:** Jessica Ashley Nathan

**TABLE OF CONTENTS**


| | | |
|---|---|---|
| **Exhibit A** | **Affidavit of Gregory N. McKnight Regarding Protected Federal Funds** | **Page 2** |
| **Exhibit B** | **Motion to Dissolve Writ of Garnishment** | **Page 3** |
| **Exhibit C** | **Letter to Navy Federal Credit Union** | **Page 4** |
| **Exhibit D** | **Letter to U.S. Attorney's Office / AUSA Jessica Nathan** | **Page 5** |
| | **Certificate of Service** | **Page 6** |

**EXHIBIT A – AFFIDAVIT**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# AFFIDAVIT OF GREGORY N. McKNIGHT IN SUPPORT OF MOTION TO DISSOLVE WRIT OF GARNISHMENT AS APPLIED TO PROTECTED FEDERAL BENEFIT ACCOUNTS

---

**STATE OF WYOMING**
) ss.
**COUNTY OF CARBON**

---

I, Gregory N. McKnight, being duly sworn upon oath, depose and state as follows:

1. I am Gregory N. McKnight, an adult resident of Rawlins, Wyoming, State of Wyoming, County of Carbon. I make this Affidavit based upon my personal knowledge. I am competent to testify to the matters stated herein.
2. I receive 100% Service- connected VA disability compensation benefits from the U.S. Department of Veterans Affairs (hereinafter "VA"). These benefits are deposited exclusively into Account ending in 0907 (opened September 10, 2025) at Navy Federal Credit Union ("NFCU"). This account receives no other funds and is used solely for VA disability benefit deposits. To the best of Affiant's knowledge and belief, no non-protected funds of any kind have been deposited into or commingled with this account.
3. I receive Social Security Administration (hereinafter "SSA") benefit payments from the U.S. Social Security Administration. These benefits are deposited exclusively into a separate Account ending in 8497 (opened April 11, 2025) at NFCU. This account receives no other funds and is used solely for SSA benefit deposits. To the best of Affiant's knowledge and belief, no non-protected funds of any kind have been deposited into or commingled with this account.

4. VA disability compensation benefits are protected from garnishment, attachment, levy, and all other legal or equitable process under 38 U.S.C. § 5301(a)(1), which provides in pertinent part that "payments of benefits due or to become due under any law administered by the Secretary [of Veterans Affairs] shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be subject to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary." This is an absolute, categorical exemption created by Congress. *See also Porter v. Aetna Casualty & Surety Co.*, 370 U.S. 159, 162 (1962) (VA disability benefits deposited in a bank account retain their exempt status under § 5301 so long as the funds remain liquid and available for support and maintenance, and have not been converted into permanent investments); *Rose v. Rose*, 481 U.S. 619, 629 (1987) (affirming the breadth of § 5301's anti-attachment protection).

5. SSA benefit payments are protected from garnishment, attachment, execution, levy, and all other legal process under 42 U.S.C. § 407(a), which provides that "the right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." The United States Supreme Court has broadly construed and affirmed this protection. *See also Philpott v. Essex County Welfare Bd.*, 409 U.S. 413, 416 (1973) (§ 407 "does not refer to any claim of creditors; it imposes a broad bar against the use of any legal process to reach all social security benefits," including funds already deposited in a bank account); *Bennett v. Arkansas*, 485 U.S. 395, 395–96 (1988) (per curiam) (federal anti-attachment provision of § 407 preempts state law and bars governmental creditors as well as private ones).

6. The funds present in the VA-designated account (Account ending in 0907) at the time of service of the writ of garnishment consist solely and entirely of VA disability compensation payments. To the best of Affiant's knowledge and belief, no non-protected or non-exempt funds have been deposited into or commingled with that account. The funds therein are entirely traceable to VA benefit payments and are identifiable as exclusively protected federal benefit funds. *See Porter v. Aetna Casualty & Surety Co.*, 370 U.S. 159, 162 (1962).
7. The funds present in the SSA-designated account (Account ending in 8497) at the time of service of the writ of garnishment consist solely and entirely of SSA benefit payments. To the best of Affiant's knowledge and belief, no non-protected or non-exempt funds have been deposited into or commingled with that account. The funds therein are entirely traceable to SSA benefit payments and are identifiable as exclusively protected federal benefit funds. *See Philpott v. Essex County Welfare Bd.*, 409 U.S. 413, 416 (1973).
8. I maintain a third, general-purpose account at NFCU. At the time of service of the writ of garnishment, the balance of that general account was less than $1,000.00. The funds in that general account consist of personal funds and are not derived from, and do not include, any VA disability compensation or SSA benefit payments.
9. The application of the writ of garnishment to the VA-only account (Account ending in 0907) and the SSA-only account (Account ending in 8497) is unlawful, void, and unenforceable as a matter of federal law. The protections of 38 U.S.C. § 5301(a)(1) and 42 U.S.C. § 407(a) are absolute and admit of no exception applicable to the circumstances here presented. The Government cannot reach these protected benefit funds through a general writ of garnishment any more than a private creditor can. *See* 38 U.S.C. § 5301(a)(1); 42 U.S.C. § 407(a); *Porter v. Aetna Casualty & Surety Co.*, 370 U.S. 159 (1962); *Philpott v. Essex County Welfare Bd.*, 409 U.S. 413 (1973).
10. I respectfully request that this Court enter an order dissolving the writ of garnishment as applied to the VA-only account and the SSA-only account at NFCU, directing NFCU to

immediately release all funds frozen in those accounts, and limiting any continued enforcement of any writ to the general non-protected account only, subject to any and all applicable exemption thresholds and proceedings.

11. On July 15, 2026, a remote hearing was held before the Honorable Mark A. Goldsmith, District Judge, on Defendant's Motion to Stay Garnishment Proceeds and Objections to Writs of Continuing Garnishment (ECF 7) and Defendant's Motion to Stay Restitution Enforcement (ECF 19). As of the date of this Affidavit, August 27, 2026, the Court has issued no order on the merits of either stay motion, and no judicial determination has been made as to the validity or amount of the underlying debt.

12. On July 29, 2026 — fourteen days after the July 15, 2026 hearing and while both stay motions remained pending and undecided before the Court — the United States filed a Request for issuance of a continuing writ of garnishment directed at Navy Federal Credit Union (ECF 22). The writ was issued on July 29, 2026 and entered on the docket on August 13, 2026 (ECF 27). NFCU was served on or about August 10, 2026 (ECF 26). At no point prior to the issuance of the NFCU writ had the Court ruled on the validity of the underlying debt, the amount owed, or Defendant's pending stay motions. On August 4, 2026, Defendant filed a Supplemental Notice of Void Enforcement Due to Pending Judicial Determination (ECF 24), placing this issue on the record.

13. As of the date of this Affidavit, fifteen percent (15%) of my monthly Social Security Administration benefit payment is already being withheld and remitted to the Government through the Treasury Offset Program ("TOP"), pursuant to 31 U.S.C. § 3716(c)(3)(A)(ii). This administrative offset is the congressionally authorized mechanism for the collection of federal restitution debts from Social Security benefits, and it is already in operation against my SSA benefits. The additional writ of continuing garnishment directed at the SSA benefit account (Account ending in 8497) at Navy Federal Credit Union is a separate and unauthorized legal instrument — 28 U.S.C. § 3205 contains no express reference to 42 U.S.C. § 407, which under § 407(b) means it cannot

override the § 407(a) exemption. The Government already has its authorized remedy through TOP. The garnishment writ on the SSA account compounds the injury unlawfully and exceeds what Congress authorized.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Gregory N. McKnight
405 Harshman St.
Rawlins, WY 82301
**Date:** August 27, 2026

**STATE OF WYOMING**
**COUNTY OF CARBON**

Subscribed and sworn to before me this 27th day of august, 2026, by Gregory N. McKnight, who is personally known to me or who produced satisfactory identification.

**Notary Public**

CHRISTINA M LINN
NOTARY PUBLIC
STATE OF WYOMING
COMMISSION ID: 169154
MY COMMISSION EXPIRES OCTOBER 27, 2029

Printed Name: Christina M. Linn

My Commission Expires: October 27, 2029

**EXHIBIT B – MOTION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **United States of America,**<br>***Plaintiff,*** | Case No. 4:26-cv-13022 (formerly 4:26-mc-50538)<br>Hon. Mark A. Goldsmith, District Judge |
| **v.**<br><br>**Gregory N. McKnight,**<br>***Defendant/Judgment Debtor.*** | **DEFENDANT/JUDGMENT DEBTOR'S OBJECTION TO WRIT OF GARNISHMENT, CLAIM OF EXEMPTION, AND MOTION TO DISSOLVE WRIT AS APPLIED TO PROTECTED FEDERAL BENEFIT ACCOUNTS, WITH REQUEST FOR HEARING PURSUANT TO 28 U.S.C. §§ 3202(d) AND 3205(c)(5)** |

## INTRODUCTION

Gregory N. McKnight ("Movant"), appearing pro se as Defendant and Judgment Debtor in the above-captioned action, respectfully moves this Court pursuant to applicable federal law for an order dissolving the writ of garnishment to the extent it has been applied to his VA disability compensation account and Social Security Administration (SSA) benefit account at Navy Federal Credit Union ("NFCU"). The funds contained in those two accounts are absolutely protected from garnishment, execution, levy, attachment, and all other legal process by express Act of Congress. Application of the writ to those accounts is unlawful and must be dissolved. Movant does not seek to evade all legal obligation and acknowledges the existence of a third, general-purpose account at NFCU containing less than $1,000.00 in non-protected funds, which remains subject to appropriate garnishment proceedings and exemption review.

This filing is submitted within 20 days of Movant's receipt of the Clerk's notice of the writ of garnishment directed at Navy Federal Credit Union (ECF 27), as required by 28 U.S.C. § 3205(c)(5). Pursuant to 28 U.S.C. §§ 3202(d) and 3205(c)(5), Movant hereby (1) formally objects to the writ

of garnishment as applied to the VA disability compensation account (Account ending in 0907) and the SSA benefit account (Account ending in 8497) at Navy Federal Credit Union; (2) claims exemption of all funds held in those two accounts from garnishment, levy, attachment, and all other legal process under 38 U.S.C. § 5301(a)(1) and 42 U.S.C. § 407(a); and (3) requests that the Court schedule a hearing on this Objection and Claim of Exemption at the earliest practicable date. Upon the filing of this Objection, the Court is required to schedule a hearing. 28 U.S.C. § 3202(d).

## LEGAL STANDARD

A writ of garnishment is subject to all applicable federal statutory exemptions. Federal courts are obligated to honor statutory exemptions protecting specified categories of funds from garnishment, levy, or other legal process, regardless of the nature of the underlying debt or the identity of the creditor. Where funds are absolutely protected by federal statute, a court must dissolve or limit a writ of garnishment directed at such funds. *See Bennett v. Arkansas*, 485 U.S. 395 (1988); *Philpott v. Essex County Welfare Board*, 409 U.S. 413 (1973). These protections apply equally when the United States is the creditor seeking garnishment; the federal exemption statutes at issue here contain no exception permitting the Government to reach protected benefit funds through a general writ.

## ARGUMENT

### I. VA DISABILITY BENEFITS ARE ABSOLUTELY EXEMPT FROM GARNISHMENT

Federal law provides an absolute, categorical exemption for VA disability compensation benefits from garnishment and all other legal process. Title 38 U.S.C. § 5301(a)(1) states in pertinent part:

> *"Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be subject to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."*

Congress created this exemption to ensure that veterans who have sacrificed for their country receive their disability benefits free and clear of legal process. The exemption is not qualified, discretionary, or subject to override by ordinary creditors or general debt collection proceedings. The statute admits of no exception applicable to the circumstances here presented — no court order for child support or alimony is at issue, and no other enumerated exception applies. The Government cannot use a general writ of garnishment to reach VA disability funds any more than a private creditor can. The protection is categorical and absolute. The Supreme Court held in *Porter v. Aetna Casualty & Surety Co.*, 370 U.S. 159, 162 (1962), that VA disability benefits deposited in a bank account retain their exempt status under § 5301 as long as the funds remain liquid and available for support and maintenance and have not been converted into permanent investments. The Court in *Rose v. Rose*, 481 U.S. 619, 629 (1987), reaffirmed the breadth of §

5301's protection, making clear that Congress intended an absolute exemption, not subject to judicial erosion. Critically, the text of § 5301(a)(1) does not distinguish between private and governmental creditors — the exemption runs against "any legal or equitable process whatever." The statute carves out an exception only for "claims of the United States arising under such laws" — i.e., VA overpayments and illegal payments — none of which applies here. 38 U.S.C. § 5301(a)(1). A general criminal restitution judgment does not qualify as a "claim of the United States arising under" laws administered by the VA Secretary.

Movant's VA disability compensation is deposited exclusively into Account ending in [XXXX] at NFCU. As set forth in the accompanying Affidavit (Exhibit A), to the best of Movant's knowledge and belief, that account contains no non-protected funds and has not been commingled with any other source of funds. The entire balance of that account is protected under 38 U.S.C. § 5301(a)(1), and the writ of garnishment must be dissolved as applied to that account.

## II. SOCIAL SECURITY BENEFITS ARE SIMILARLY EXEMPT FROM GARNISHMENT

Social Security Administration benefit payments are similarly protected from garnishment and all other legal process by federal statute. Title 42 U.S.C. § 407(a) provides:

> *"The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."*

The United States Supreme Court has broadly affirmed the scope and force of this protection. In *Philpott v. Essex County Welfare Board*, 409 U.S. 413 (1973), the Supreme Court held that Social Security benefits are protected from legal process even after receipt by the beneficiary, so long as the funds remain identifiable as Social Security benefit payments. In *Bennett v. Arkansas*, 485 U.S. 395 (1988), the Court reaffirmed that Congress's intent to protect Social Security benefits from legal process is clear and controlling. The protection of § 407(a) applies with equal force whether the creditor is a private party or a governmental entity, except in circumstances specifically enumerated by Congress — none of which apply here. The Supreme Court in *Philpott v. Essex County Welfare Bd.*, 409 U.S. 413, 416 (1973), held that § 407 "does not refer to any claim of creditors; it imposes a broad bar against the use of any legal process to reach all social security benefits," including funds that have been deposited into a bank account. In *Bennett v. Arkansas*, 485 U.S. 395, 395–96 (1988) (per curiam), the Court held that § 407's anti-attachment provision preempts state law and bars government creditors — not merely private ones — from seizing Social Security benefits. In *Washington State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 383 (2003), the Court confirmed that § 407(a) requires at a minimum "some judicial or quasi-judicial mechanism" through which control over the property passes, and that the statute's protections are construed broadly.

Movant's SSA benefit payments are deposited exclusively into Account ending in 8497 at NFCU. As set forth in the Affidavit (Exhibit A), to the best of Movant's knowledge and belief, that account contains only SSA benefits and has not been commingled with any other funds. The entire balance of that account is protected under 42 U.S.C. § 407(a), and the writ of garnishment must be dissolved as applied to that account.

Congress did not leave the federal government without a remedy for collecting restitution debts from Social Security beneficiaries. It created one — and capped it precisely. The Debt Collection Improvement Act of 1996 amended 31 U.S.C. § 3716 to authorize administrative offset of federal benefit payments, including Social Security benefits, through the Treasury Offset Program ("TOP"). Under TOP, the federal government may offset up to fifteen percent (15%) of a Social Security benefit payment per month to satisfy a delinquent federal debt. 31 U.S.C. § 3716(c)(3)(A)(ii). This offset mechanism is expressly authorized to operate notwithstanding § 407(a) — but only because 31 U.S.C. § 3716 itself makes express reference to § 407, which is the precise condition § 407(b) requires before any statute may override the exemption.

42 U.S.C. § 407(b) provides: "No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section." This is a strict anti-override clause. It means that only statutes containing an express textual reference to § 407 may create exceptions to the garnishment bar. 28 U.S.C. § 3205 — the writ of garnishment statute — contains no such express reference to § 407. Accordingly, it cannot be used to reach Social Security benefit funds. The writ of continuing garnishment directed at the SSA benefit account (Account ending in 8497) at NFCU is unauthorized as a matter of law because § 3205 does not qualify as an override statute under § 407(b).

Critically, the federal government is already exercising its lawful remedy. At the time of filing of this Motion, the Government is collecting fifteen percent (15%) of Movant's Social Security benefit payment each month through the Treasury Offset Program — the congressionally prescribed, expressly authorized mechanism for collecting federal restitution debts from Social Security benefits. That offset is lawful. The separate writ of garnishment directed at the NFCU

SSA benefit account is not. The Government may not simultaneously employ TOP (its authorized remedy, limited by Congress to 15%) and a garnishment writ (an unauthorized remedy that circumvents Congress's 15% cap and violates § 407(a)'s express bar) against the same benefit payments. To permit both would be to allow the Government to exceed the precise ceiling Congress imposed when it authorized TOP collection.

## III. THE ACCOUNTS AT ISSUE CONTAIN ONLY PROTECTED FUNDS AND HAVE NEVER BEEN COMMINGLED

As set forth in the Affidavit of Gregory N. McKnight (Exhibit A), incorporated herein by reference, the VA disability compensation account (Account ending in 0907) and the SSA benefit account (Account ending in 8497) at NFCU have, at all times, received exclusively protected federal benefit payments. To the best of Movant's knowledge and belief, no non-protected funds, personal funds, employment income, or other non-exempt deposits have been made into either of those accounts. The funds therein are entirely traceable to VA benefit payments and are identifiable as such. *See Porter v. Aetna Casualty & Surety Co.*, 370 U.S. 159, 162 (1962) (exempt status follows the funds into the bank account provided they remain liquid and unconverted). The SSA benefit funds are similarly traceable and identifiable as exclusively protected. *See Philpott v. Essex County Welfare Bd.*, 409 U.S. 413, 416 (1973) (SSA funds deposited in financial institution retain exempt character under § 407(a)).

Under the "tracing" principles recognized by federal courts in connection with § 5301 and § 407 protections, and as further codified by the Treasury Department's regulatory framework governing garnishment of accounts containing federal benefit payments at 31 C.F.R. Part 212, the protected character of these funds is preserved so long as they can be identified and traced to protected benefit payments. Here, because the accounts are dedicated exclusively to VA and

SSA deposits respectively, and because no commingling has occurred, the funds are clearly and fully protected. NFCU is obligated under 31 C.F.R. Part 212 to identify and protect these funds without requiring Movant to initiate separate proceedings to establish the protected character of each deposit.

## IV. THE NON-PROTECTED GENERAL ACCOUNT IS POTENTIALLY SUBJECT TO THE WRIT BUT SUBJECT TO FURTHER EXEMPTION PROCEEDINGS

Movant acknowledges that he maintains a third, general-purpose savings account at NFCU. At the time of service of the writ of garnishment, that account held a balance of less than $1,000.00 in personal, non-protected funds not derived from VA or SSA benefits. Movant does not, by this Motion, seek to exempt those non-protected funds from all garnishment proceedings. However, Movant expressly reserves all rights to assert applicable exemptions under applicable state and federal law as to any funds in that general account. *See* 28 U.S.C. § 3202(d) (judgment debtor retains the right to a hearing to assert exemption claims); 28 U.S.C. § 3205(c)(5) (judgment debtor may file written objections to the garnishee's answer and request a hearing within 20 days). The limited amount at issue in the general account ($1,000.00 or less) and any applicable exemption thresholds under state or federal law will be the subject of any further proceedings regarding that account.

## V. THE NFCU WRIT WAS SOUGHT AND ISSUED WHILE DEFENDANT'S STAY MOTIONS WERE PENDING AND BEFORE ANY JUDICIAL DETERMINATION OF DEBT VALIDITY OR AMOUNT

As an independent and additional ground for dissolving the NFCU writ, Movant respectfully directs the Court's attention to the procedural sequence established by the docket record.

On July 15, 2026, this Court conducted a remote hearing on Defendant's Motion to Stay Garnishment (ECF 7) and Motion to Stay Restitution Enforcement (ECF 19). On July 21, 2026, the Court issued an order directing the Government to file a response by July 23, 2026 (ECF 20). The Government filed its opposition on July 23, 2026 (ECF 21). Defendant filed a consolidated reply on July 30, 2026 (ECF 23).

Critically, on July 29, 2026 — while both stay motions were pending and while this Court had yet to rule on either the validity or the amount of the underlying debt — the Government requested and obtained an entirely new writ of garnishment directed at a new garnishee: Navy Federal Credit Union (ECF 22, 27). NFCU was served on or about August 10, 2026 (ECF 26). As of the date of this filing, August 27, 2026, no merits ruling has been issued on either stay motion, and no judicial determination has been made as to the validity or enforceable amount of the debt.

This procedural sequence is deeply problematic for at least two reasons. First, by seeking a new writ against a new financial institution while Defendant's stay motions were actively pending, the Government effectively circumvented the protective purpose of the stay proceedings — expanding the sweep of its garnishment enforcement at the precise moment the Court was evaluating whether that enforcement should be paused. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (courts must weigh the likelihood of success on the merits, irreparable injury to the movant absent a stay, harm to the opposing party, and the public interest); *Nken v. Holder*, 556 U.S. 418, 421–22 (2009) (a stay is "not a matter of right" but "is instead an exercise of judicial

discretion," the propriety of which depends on the circumstances). The Government's decision to expand garnishment to a new institution — NFCU — while Movant's stay motions were under active judicial consideration and the briefing schedule had not yet closed, is precisely the kind of irreparable pre-ruling harm that stay motions are designed to prevent. *See* 28 U.S.C. § 3202(d) (providing that at any hearing on a postjudgment remedy, the issues shall include "the probable validity of any claim of exemption by the judgment debtor" and "compliance with any statutory requirement for the issuance of the postjudgment remedy granted"). Second, a writ of continuing garnishment is an enforcement mechanism that presupposes the existence of a valid, judicially determined debt. *See* 28 U.S.C. § 3205(a) (a writ of garnishment issues "in order to satisfy the judgment against the debtor" — it is a postjudgment remedy under Subchapter C of the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001–3308); 28 U.S.C. § 3205(b)(1)(B) (requiring the United States to certify in its writ application "the nature and amount of the debt owed"). Where, as here, the Defendant has placed the validity and amount of the debt at issue and the Court has not yet resolved those questions, issuance of new writs against new garnishees compounds the prejudice without a lawful foundation for doing so.

Defendant previously raised this issue in his Supplemental Notice of Void Enforcement Due to Pending Judicial Determination (ECF 24, filed August 4, 2026), which remains unaddressed by the Government. The present Motion incorporates and supplements that notice.

Accordingly, the NFCU writ (ECF 27) should be dissolved on this independent ground as well: it was sought and obtained in the shadow of pending stay proceedings, directed at a new garnishee, without any judicial determination of the debt's validity or amount, and its issuance and enforcement against federally protected benefit accounts constitutes a further and compounded violation of Defendant's rights.

## CONCLUSION

For the foregoing reasons, Movant Gregory N. McKnight respectfully requests that this Court enter an order:

14. (a) Schedule a hearing on this Objection and Claim of Exemption at the earliest practicable date, as required by 28 U.S.C. § 3202(d) and § 3205(c)(5);
15. (b) Dissolving the writ of garnishment as applied to the VA disability compensation account (Account ending in 0907) at Navy Federal Credit Union;
16. (c) Dissolving the writ of garnishment as applied to the SSA benefit account (Account ending in 8497) at Navy Federal Credit Union;
17. Ordering Navy Federal Credit Union to immediately cease any freeze on those two accounts and to release all funds therein to Gregory N. McKnight without delay;
18. (e) Limiting any continued enforcement of the writ of garnishment to the general non-protected account at NFCU only, subject to applicable exemption proceedings and thresholds; and
19. (f) Granting such other and further relief as this Court deems just, equitable, and proper under the circumstances.

**Respectfully submitted,**

**Gregory N. McKnight, Pro Se**
**405 Harshman St., Rawlins, WY 82301**
**Phone: 810-252-7451**
**Date:** August 27, 2026

FedEx

U.S. MARSHALS

RECEIVED
SEP 01 2026
CLERK'S OFFICE
U.S. DISTRICT COURT

446-8034FL
ETP:1
SP-PD:100:Y
4459 MON 08/31 07:31
231 W LAFAYETTE BLVD
48226-2718-39
DETROIT, MI

Envelope
Recycle me.

ORIGIN ID:CPRA (307) 328-5266
GREGORY MCKNIGHT
GREGORY MCKNIGHT
519 8TH ST

RAWLINS, WY 82301
UNITED STATES US

SHIP DATE: 27AUG26
ACTWGT: 0.30 LB
CAD: 262938672/FAPI2208

BILL SENDER

TO US DISTRICT COURT, EASTERN DISTRICT
US DISTRICT COURT, EASTERN DISTRICT
ATTN: CLERK'S OFFICE – CASE NO. 4:2
231 W LAFAYETTE BLVD, ROOM 564
DETROIT MI 48226
(810) 252-7451
INV: PKG ID: 14071
PO:
REF: GREGORY MCKNIGHT
DEPT:

FedEx Express
E

J261026012001uv

58KJ6/C457/484B

MON – 31 AUG AA
** 2DAY **

FedEx
TRK# 0201 8763 8300 8160

SS DTWA

48226
MI-US
DTW

3564505 27Aug2026 CPRA 58KG6/C457/484B