7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA, Plaintiff**

**v.**

**Case No. 2:26-cv-13022-MAG**
**Hon. Mark A. Goldsmith**

**GREGORY N. McKNIGHT, Defendant.**

# DEFENDANT'S EMERGENCY MOTION FOR IMMEDIATE RELEASE OF EXEMPT FUNDS PENDING HEARING ON OBJECTION TO WRIT OF GARNISHMENT

COMES NOW Defendant Gregory N. McKnight, pro se, and moves this Court for emergency relief ordering Navy Federal Credit Union ("NFCU") to immediately release the funds held in two designated exempt accounts pending the hearing required by 28 U.S.C. § 3202(d) on Defendant's Objection to Writ of Garnishment (ECF No. 31). In support thereof, Defendant states:

FILED
SEP 09 2026
CLERK'S OFFICE
DETROIT

## I. EMERGENCY RELIEF IS WARRANTED

The Writ of Continuing Garnishment directed to NFCU (ECF No. 27) became effective August 17, 2026. NFCU froze all funds in Defendant's accounts on that date. Defendant's Objection (ECF No. 31) was docketed September 1, 2026. A hearing has not yet been scheduled.

The accounts frozen are the sole source of Defendant's income:

— Account ending **0907**: receives exclusively 100% service-connected VA disability compensation under 38 U.S.C. § 5301(a)(1)

— Account ending **8497**: receives exclusively Social Security Administration benefits under 42 U.S.C. § 407(a)

Both accounts are dedicated single-source accounts with no commingled funds.

Defendant has been without access to his only income since August 17, 2026 — sixteen days as of the date of this filing. He cannot pay rent, utilities, food, or medical expenses. This is not a disputed factual issue. NFCU's own member notice letter dated August 25, 2026 confirms both accounts are restricted.

## II. THE FUNDS ARE ABSOLUTELY EXEMPT — NO BALANCING TEST APPLIES

### A. VA Disability Compensation — 38 U.S.C. § 5301(a)(1)

Congress declared VA disability benefits exempt from "the claim of creditors" and from "attachment, levy, or seizure by or under any legal or equitable process whatever." 38 U.S.C. § 5301(a)(1). This exemption is absolute. It contains no exception for federal restitution writs. The United States, acting as a creditor through a restitution enforcement proceeding, is bound by this exemption no less than any private creditor. *See Nelson v. Heiss*, 271 F.3d 891, 895 (9th Cir. 2001); *Rose v. Rose*, 481 U.S. 619, 629 (1987).

### B. Social Security Benefits — 42 U.S.C. § 407(a) and (b)

Social Security benefits are exempt from "execution, levy, attachment, garnishment, or other legal process." 42 U.S.C. § 407(a). Congress reinforced this in § 407(b): "No other provision of law, enacted before, on, or after the date of the enactment of this subsection, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section."

28 U.S.C. § 3205 — the continuing garnishment statute under which ECF No. 27 was issued — does not contain an express reference to 42 U.S.C. § 407. It therefore cannot override the Social Security exemption. The anti-override clause of § 407(b) is dispositive. *See Bennett v. Arkansas*, 485 U.S. 395 (1988) (per curiam); *Philpott v. Essex County Welfare Board*, 409 U.S. 413 (1973).

### C. 31 C.F.R. Part 212 — NFCU's Independent Regulatory Obligation

Federal regulations require all financial institutions receiving federal benefit payments to protect two months of benefit deposits from garnishment upon receipt of a garnishment order. 31 C.F.R. § 212.6. NFCU froze the full balance of both exempt accounts in violation of this regulatory floor, compounding the constitutional and statutory defects in the Writ.

### D. The Government's Own Writ Confirms Credits Were Applied

The Writ issued against NFCU states the outstanding balance as $31,344,396.71 — not the face judgment of $48,969,560. The difference ($17,625,163.29) appears to reflect only amounts the Receiver distributed to victim-claimants. This is a critical distinction: distributions to victims are not the same as total collections by the Receiver. The Receivership collected — seized, liquidated, and administered — assets from Defendant's estate that exceeded what was ultimately distributed to victims, as Receivership administrative costs, fees, and expenses were deducted from collections before distribution. Under 18 U.S.C. § 3664(e) and the settled principle that restitution cannot exceed actual loss, the credit against Defendant's restitution obligation must be based on total amounts collected from Defendant's assets, not merely the net distributions after the Receiver's costs were extracted. Crediting only distributions while charging Defendant for the Receiver's administrative overhead results in a writ balance that is artificially inflated by the cost of the Receivership itself. Defendant expressly disputes the

accuracy of this credit figure and demands a full verified accounting under 18 U.S.C. § 3664(e). The government bears the burden of proof.

**III. CONTINUING HARM IS IRREPARABLE**

The frozen funds are Defendant's sole income. Every day they remain frozen is a day of irreparable harm: Defendant cannot meet basic subsistence needs. Courts have consistently held that deprivation of exempt federal benefits constitutes irreparable harm justifying emergency relief. Supplemental security and veterans' benefits serve the same subsistence purpose Congress identified when it enacted the absolute exemptions.

Additionally, NFCU's notice states a service charge of up to $100 may have been debited from the frozen accounts. Debiting a fee from an account holding only exempt funds compounds the constitutional violation and should be ordered reversed.

**IV. THE GOVERNMENT'S PATTERN OF ESCALATING WRITS WHILE CHALLENGES ARE PENDING WARRANTS JUDICIAL INTERVENTION**

This Court should be aware that the NFCU Writ (ECF No. 27) is not an isolated instrument — it is the fourth writ of continuing garnishment issued in this proceeding, issued in a demonstrated pattern of escalation each time Defendant has filed a challenge.

The timeline is as follows: On May 14, 2026, the government filed two writ requests against Fidelity Investments and Prudential Retirement (ECF Nos. 1 and 2). On June 12, 2026, Defendant filed a Motion to Stay garnishment proceedings and objections to those writs (ECF No. 7). Three days later, on June 15, 2026, the government filed a third writ request — against Fidelity Workplace Services LLC (ECF No. 8) — while Defendant's stay motion was actively pending. On July 29, 2026, the government issued a fourth writ against Navy Federal Credit Union (ECF No. 27), again while prior challenges remained unresolved.

Each new writ targets a different financial institution holding Defendant's assets. The government is engaging in a systematic campaign of writ issuance designed to exhaust Defendant's ability to challenge each instrument before the next one issues. This pattern is relevant to the equities of this motion: the government has demonstrated it will not pause enforcement pending resolution of Defendant's legal challenges. Emergency relief is warranted precisely because Defendant cannot await the ordinary pace of litigation while his only income — VA disability and Social Security benefits — remains frozen.

**V. THE BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR IMMEDIATE RELEASE**

The government suffers no prejudice from release of funds it was never entitled to reach. The accounts hold only VA disability and Social Security benefits — categorically exempt from garnishment. Releasing them restores the status quo that the statute mandates. Continued restraint of exempt funds causes ongoing irreparable harm to Defendant while conferring no legitimate benefit on Plaintiff.

The public interest strongly favors enforcement of Congress's categorical exemptions for veterans and Social Security recipients. A court order restraining exempt benefits contradicts the explicit policy judgment Congress made in 38 U.S.C. § 5301 and 42 U.S.C. § 407.

**VI. RELIEF REQUESTED**

WHEREFORE, Defendant Gregory N. McKnight respectfully requests that this Court enter an Order:

(a) Directing Navy Federal Credit Union to immediately release all funds in Account ending **0907**, which holds exclusively VA disability compensation exempt under 38 U.S.C. § 5301(a)(1);

(b) Directing Navy Federal Credit Union to immediately release all funds in Account ending **8497**, which holds exclusively Social Security Administration benefits exempt under 42 U.S.C. § 407(a);

(c) Directing Navy Federal Credit Union to immediately restore full account access and all associated electronic services to Defendant, including debit card access;
(d) Directing Navy Federal Credit Union to reverse any service charge debited from either exempt account in connection with the Writ;

(e) Directing Plaintiff United States of America and AUSA Jessica Ashley Nathan to notify Navy Federal Credit Union within 24 hours of this Order that the garnishment as applied to Account 0907 and Account 8497 is released;

(f) Scheduling the hearing required by 28 U.S.C. § 3202(d) on Defendant's Objection (ECF No. 31) at the Court's earliest available date;

(g) Ordering Plaintiff to produce within 7 days a complete verified accounting, executed under penalty of perjury by an authorized representative of the United States, of all payments received, collected, and credited against the Criminal Judgment entered August 7, 2013 in Case No. 4:12-cr-20101-MAG-MJH, including: (i) all IFRP payments made by Defendant through the Bureau of Prisons; (ii) all Treasury Offset Program withholdings applied to Defendant's federal tax refunds and Social Security benefits, including amounts withheld but not yet posted to the debt ledger; (iii) the total gross amount collected by the Court-appointed Receiver from Defendant's assets, including all assets seized, liquidated, and administered; (iv) the total amount of Receivership administrative fees, expenses, and costs charged against the Receivership estate; and (v) the total net amount distributed to victim-claimants from Receivership proceeds — so that this Court may determine the correct credit against the outstanding Restitution Obligation under 18 U.S.C. § 3664(e) and the true outstanding balance under 18 U.S.C. § 3664(e), the burden of establishing which rests with the United States; and
(h) Ordering Plaintiff to refrain from issuing any additional writs of garnishment against Defendant's accounts pending resolution of Defendant's Objection (ECF No. 31) and this Emergency Motion.

Respectfully submitted,

**Gregory N. McKnight**
**405 Harshman St.**
**Rawlins, WY 82301**
**Pro Se Defendant**
**Date: September 2, 2026**

---

## CERTIFICATE OF SERVICE

I, Gregory N. McKnight, hereby certify that on September 2, 2026, I served a true and correct copy of the foregoing Emergency Motion upon:

Jessica Ashley Nathan, AUSA
Peter F. Schneider, AUSA
U.S. Attorney's Office, Eastern District of Michigan
211 W. Fort St., Suite 2001
Detroit, MI 48226

Service was made via Federal Express 2-Day Air.

Gregory N. McKnight

FedEx

Envelope

Recycle me.

ORIGIN ID:CPRA (307) 328-5266
GREGORY MCKNIGHT
GREGORY MCKNIGHT
519 8TH ST

RAWLINS, WY 82301
UNITED STATES US

SHIP DATE: 03SEP26
ACTWGT: 0.20 LB
CAD: 262938672/FAPI2208

BILL SENDER

TO US DISTRICT COURT, EASTERN DISTRICT
US DISTRICT COURT, EASTERN DISTRICT
ATTN: CLERK'S OFFICE – CASE NO. 4:2
231 W LAFAYETTE BLVD, ROOM 564
DETROIT MI 48226

(810) 252-7461 REF: GREGORY MCKNIGHT
INV: PKG ID: 14278
PO: DEPT:

FedEx Express

E

TUE – 08 SEP 5:00P
** 2DAY **

TRK# 0201 8767 0620 5814

SS DTWA

48226
MI-US DTW

4459 TUE 09/08 07:29
231 W LAFAYETTE BLVD
48226-2718-39
DETROIT, MI
446-8532FL
ETP 2
SP PD 100 Y

RECEIVED
SEP 09 2026
CLERK'S OFFICE
U.S. DISTRICT COURT