(8)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

GREGORY N. McKNIGHT,

Defendant.

**Civil Case No. 2:26-cv-13022-MAG**
Hon. Mark A. Goldsmith

Related:
4:12-cr-20101-MAG
4:26-mc-50538-MAG

FILED
SEP 22 2026
CLERK'S OFFICE
DETROIT

**NOTICE OF STATUTORY EXEMPTION CONFLICT**
**AND FAILURE TO SCHEDULE STATUTORY HEARING**
**(Navy Federal Credit Union — ECF Nos. 22, 27, 30–33)**

Gregory N. McKnight, Defendant, appearing pro se, respectfully gives notice that he timely requested hearings under 28 U.S.C. §§ 3202(d) and 3205(c)(5), but no hearing has been scheduled. The requested hearings concern a continuing writ issued to Navy Federal Credit Union under 28 U.S.C. § 3205 to enforce criminal restitution under 18 U.S.C. § 3613 and Defendant's claims concerning the application of federal benefit protections and the exemptions preserved by § 3613(a)(1) to the restrained VA and SSA funds.

1. On July 29, 2026, the United States applied for a continuing writ of garnishment directed to Navy Federal Credit Union (Dkt. 22). The Application invokes 28 U.S.C. § 3205(b)(1) and 18 U.S.C. § 3613(a) to collect the unpaid balance of the criminal restitution judgment in *United States v. McKnight*, No. 4:12-cr-20101-MAG. A restitution order may be enforced by the United States in the manner provided for the collection and payment of fines under 18 U.S.C. §

3664(m)(1)(A)(i). The judgment has a face amount of $48,969,660.00, credits of $17,625,263.29, and a balance of $31,344,396.71 as of July 29, 2026. The writ issued at Dkt. 27, and a certificate of service on Navy Federal was filed at Dkt. 26. On August 18, 2026, the Court transferred the contested proceeding from the miscellaneous docket to Civil Case No. 2:26-cv-13022-MAG (Dkt. 28; served August 25), with the civil filing fee waived. Defendant understands that the transfer was statistical and administrative under the Guide to Judiciary Policy and E.D. Mich. LR 5.1; it did not alter the underlying character of the debt as criminal restitution.

2. On August 25, 2026, Navy Federal emailed Defendant that it had received a Writ of Continuing Garnishment from the United States Attorney's Office for $31,344,396.71, referencing case number 4:26-mc-50538-MAG, and that Defendant's accounts had been restricted. A copy is attached as Exhibit A. The telephone number on that notice (313-226-9643) matches the Application's counsel line for AUSA Jessica A. Nathan (Dkt. 22).

3. On September 1, 2026, Navy Federal filed its Answer of the Garnishee (Dkt. 30). Noah Rupy, a Garnishment Specialist, verified under penalty of perjury that Navy Federal was served on August 17, 2026, and then held three accounts in Gregory McKnight's name: checking ending 8497 ($520.78); checking ending 0907 ($15.89); and savings ending 0435 ($50.08). The Answer checked "No" in response to the question concerning prior garnishments or other court-ordered withholdings. The Answer states: "DO NOT DISBURSE PROPERTY UNTIL FURTHER COURT ORDER."

4. Also on September 1, 2026, Defendant filed a Combined Legal Packet / Garnishment Challenge (Dkt. 31), including an Affidavit and a Motion to Dissolve Writ of Garnishment as Applied to Protected Federal Benefit Accounts, with Request for Hearing Pursuant to 28 U.S.C.

§§ 3202(d) and 3205(c)(5). That filing expressly objects to the writ, asserts exemptions, and asks the Court to schedule a hearing at the earliest practicable date. On September 9, 2026, Defendant filed a Notice of Errata (Dkt. 33) correcting clerical items in Dkt. 31 (account ending 0907; relief paragraph labeling; citation to 31 U.S.C. § 3716).

5. On September 9, 2026, Defendant also filed an Emergency Motion for Immediate Release of Exempt Funds Pending Hearing on Objection to Writ of Garnishment (Dkt. 32). The requested relief includes scheduling the hearing under 28 U.S.C. § 3202(d) requested in Dkt. 31, immediately releasing the VA-only and SSA-only accounts, and granting related relief.

**Hearing still not scheduled**

6. Two statutory hearing provisions govern Defendant's requests. Under 28 U.S.C. § 3205(c)(5), after a written objection to the garnishee's answer and a request for hearing, "[t]he court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable," and must give all parties notice of the hearing date. Under § 3202(d), upon a timely written request, the court "shall hold a hearing ... as soon as practicable, or, if so requested by the judgment debtor, within 5 days after receiving the request or as soon thereafter as possible." The § 3202(d) hearing is limited to the probable validity of exemption claims and compliance with statutory requirements governing the postjudgment remedy.

7. Dkt. 31 requested hearings under both § 3202(d) and § 3205(c)(5), and Dkt. 32 renewed the request for a § 3202(d) hearing while stating that no hearing had been scheduled. As of September 14, 2026, the public docket shows no hearing date associated with Dkt. 30, 31, 32, or 33. The July 15, 2026 Zoom proceeding addressed stay motions concerning earlier writs at Dkt. 7

and 19, as reflected in the restricted transcript at Dkt. 29. It did not address Navy Federal's Answer at Dkt. 30 or Defendant's September 1 objection and claim of exemption at Dkt. 31.

8. Under 28 U.S.C. § 3205(c)(2)(F), the writ must command the garnishee to withhold and retain property in which the debtor has a substantial nonexempt interest pending further order of the Court. Under § 3205(c)(7), if no hearing is timely requested, the Court must promptly direct the garnishee regarding disposition of the debtor's nonexempt interest; if a hearing is timely requested, the disposition order must be entered within five days after the hearing, or as soon thereafter as practicable. Because Defendant timely requested a hearing, Defendant asks that Navy Federal continue to retain, and not remit, the restrained funds until the hearing is held and the Court enters the required disposition order.

**Statutory exemption conflict**

9. As sworn in Dkt. 31 (and corrected by Dkt. 33), Account ending 0907 receives exclusively VA disability compensation based on a 100% service-connected disability rating. Defendant claims that the restrained funds fall within the protection of 38 U.S.C. § 5301(a)(1) and the exemption for certain service-connected disability payments preserved by 18 U.S.C. § 3613(a)(1) through 26 U.S.C. § 6334(a)(10). Account ending 8497 receives exclusively SSA benefits. Although 42 U.S.C. § 407(a) generally protects Social Security benefits from execution, levy, attachment, garnishment, or other legal process, 18 U.S.C. § 3613(a) expressly applies notwithstanding section 207 of the Social Security Act; Defendant's asserted protection for that account is therefore presented for determination under the governing restitution-enforcement framework, as briefed in Dkt. 31 and 32. Account ending 0435 is Defendant's general-purpose

account; when the writ was served, its balance was less than $1,000, and it is not claimed to contain VA or SSA benefit funds.

10. The asserted statutory conflict is concrete: the Application and writ (Dkt. 22, 27) authorize the seizure of funds after receipt in aid of criminal restitution, and the resulting freeze effects that seizure. As to the VA-only account, 38 U.S.C. § 5301(a)(1) generally protects VA benefits from attachment, levy, or seizure "by or under any legal or equitable process whatever, either before or after receipt by the beneficiary," while 18 U.S.C. § 3613(a)(1) preserves the exemption incorporated from 26 U.S.C. § 6334(a)(10). As to the SSA-only account, 42 U.S.C. § 407(a) supplies the general anti-attachment rule, but 18 U.S.C. § 3613(a) authorizes enforcement notwithstanding that provision. The hearing should therefore determine how these provisions apply to the traced funds and accounts identified in Dkt. 31 and 32.

11. Navy Federal's Answer also raises an issue for the statutory hearing. As stated in Dkt. 31 and 32, fifteen percent (15%) of Defendant's monthly SSA payment is withheld at the source through the Treasury Offset Program under 31 U.S.C. § 3716. Section 3205(c)(4)(C) of Title 28 requires a garnishee's answer to identify prior garnishments to which the property is subject, while Navy Federal checked "No" in response to the Answer's question concerning prior garnishments or other court-ordered withholdings. Because an administrative offset from a federal payment before deposit is not necessarily a prior garnishment of the property held by Navy Federal, the hearing should determine whether the source withholding was information required by 28 U.S.C. § 3205(c)(4)(C) and how that withholding bears on any further collection from the SSA-only account before remittance.

12. This Notice does not withdraw Dkt. 7, 19, 31, 32, or 33. It places on the record that the United States is enforcing criminal restitution under 18 U.S.C. § 3613 by means of a writ issued under 28 U.S.C. § 3205; that the exemption conflict remains live; that Navy Federal's Answer raises a question concerning whether the prior source withholding should have been disclosed; and that the hearings Defendant requested under 28 U.S.C. §§ 3202(d) and 3205(c)(5) have not been set.

**Relief requested**

13. Defendant therefore requests that the Court: (a) schedule the hearings requested in Dkt. 31 under 28 U.S.C. §§ 3202(d) and 3205(c)(5), including the § 3202(d) hearing renewed in Dkt. 32; (b) determine the asserted exemptions for Accounts ending 0907 and 8497 before authorizing remittance; (c) direct Navy Federal to continue withholding, but not remit, funds restrained in those accounts until the hearings are held and a disposition order is entered; (d) rule on the Emergency Motion at Dkt. 32; and (e) address the pending stay motions at Dkt. 7 and 19 to the extent they remain applicable. Defendant further requests that the Court consider these matters in light of the United States' reliance on 18 U.S.C. § 3613 and 28 U.S.C. § 3205 in Dkt. 22 and the exemption issues presented in Dkt. 31–33.

Respectfully submitted,

Gregory N. McKnight
Defendant – Pro Se
405 Harshman St
Rawlins, WY 82301
Dated: September 15, 2026

**CERTIFICATE OF SERVICE**

I certify that on September 15, 2026, I served a copy of this Notice, with Exhibit A, on the following by United States Mail, first-class postage prepaid:

Jessica Ashley Nathan
United States Attorney's Office
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, MI 48226

Navy Federal Credit Union (Garnishee)
Attn: Garnishment Team
P.O. Box 2464
Merrifield, VA 22116

Gregory N. McKnight

Gregory N. McKnight
405 Harshman St.
Rawlins, WY 82301

Retail

RDC 99

48226

U.S. POSTAGE PAID
FCM LG ENV
RAWLINS, WY 82301
SEP 15, 2026

**$1.98**

S2324H503003-10

United States District Court - EDMI
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd.
Detroit, MI 48226

RECEIVED
SEP 22 2026
CLERK'S OFFICE
DETROIT

U.S. MARSHALS