19

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

GREGORY N. McKNIGHT,

Defendant.

Civil Case No. 2:26-cv-13022-MAG
Hon. Mark A. Goldsmith

Related:
4:12-cr-20101-MAG
4:26-mc-50538-MAG

FILED
OCT 23 2026
CLERK'S OFFICE
DETROIT

---

**DEFENDANT'S MOTION TO EXPEDITE RULING ON PENDING MOTIONS AND TO SET HEARING UNDER 28 U.S.C. §§ 3202(d) AND 3205(c)(5)**

Gregory N. McKnight, Defendant appearing pro se, respectfully moves the Court to set the statutory hearing on his written objection to the Garnishee's Answer and his claims of exemption (Dkt. 31, 32, 34), to rule on his pending motions (Dkt. 7, 19, 32), and to protect his VA disability funds until the hearing. In support, Defendant states:

1. On June 12, 2026, Defendant moved to stay garnishment (Dkt. 7). On July 15, 2026, he moved to stay restitution enforcement (Dkt. 19). The Court heard Dkt. 7 on July 15, 2026, and on July 21, 2026, set a deadline for the Government's response (Dkt. 20). The Government responded on July 23, 2026 (Dkt. 21), and Defendant replied on July 30, 2026 (Dkt. 23). Both motions have been fully

briefed since July 30, 2026, and no ruling has issued. The July 15 hearing preceded the writ at issue here.

2. On July 29, 2026, a writ of continuing garnishment issued to Navy Federal Credit Union ("NFCU") (Dkt. 27). NFCU states it was served on August 17, 2026 (Dkt. 30, PageID.167). On August 25, 2026, NFCU notified Defendant that his accounts had been restricted (Dkt. 35, Ex. A, PageID.215), and the Court moved this matter from Miscellaneous No. 4:26-mc-50538 to this civil docket (Dkt. 28).

3. NFCU's Answer was docketed on September 1, 2026 (Dkt. 30). It reports that at service the three NFCU accounts held a total of $586.75: checking ending 8497, $520.78; checking ending 0907, $15.89; and savings ending 0435, $50.08 (PageID.168). It answers "No" to prior garnishments or court-ordered withholdings and states: "DO NOT DISBURSE PROPERTY UNTIL FURTHER COURT ORDER." (PageID.169). It does not address deposits made after service.

4. Defendant also made earlier written hearing requests. Dkt. 31 (dated August 27, filed September 1, 2026) includes his sworn affidavit that account 0907 receives only VA disability compensation and account 8497 receives only Social Security benefits (PageID.174-178). It claims exemptions under 38 U.S.C. § 5301(a)(1) and 42 U.S.C. § 407 and asks the Court to schedule a hearing at the earliest practicable date (PageID.180, 189). Dkt. 32 (filed September 9, 2026)

renewed the request for a § 3202(d) hearing (PageID.194). Dkt. 33 is a notice of errata to Dkt. 31.

5. Defendant received NFCU's Answer by mail on or after September 2, 2026 (see Verification below). His Notice of Statutory Exemption Conflict and Failure to Schedule Statutory Hearing (Dkt. 34), dated September 15 and filed September 22, 2026, within 20 days of that receipt, is his written objection to the Answer and request for a hearing under 28 U.S.C. § 3205(c)(5). It states grounds: the VA funds are exempt under 18 U.S.C. § 3613(a)(1) and 26 U.S.C. § 6334(a)(10); it acknowledges that § 3613(a) applies notwithstanding 42 U.S.C. § 407; and it objects to the Answer's "No" on prior withholdings in light of the Treasury Offset Program withholding, citing § 3205(c)(4)(C) (PageID.202-207). It was served on AUSA Nathan and on NFCU (PageID.208).

6. On September 25, 2026, Defendant filed supplemental exhibits (Dkt. 35, entered September 29, 2026). The VA letter states that Defendant is rated 100% combined service-connected and totally and permanently disabled, with a monthly award of $4,158.17 (Ex. B, PageID.217). The Treasury notice shows that his $2,050 Social Security payment was reduced by $307.50 (15%) at the source and paid to the United States Attorney's Office for this debt (Ex. C, PageID.220).

7. Since service, Defendant's VA compensation ($4,158.17 per month) and his net Social Security benefit ($1,742.50 per month after the offset) have

continued to be deposited into the restricted accounts. Nearly all of the funds now frozen are therefore benefit deposits made after service. The freeze has prevented Defendant from paying ordinary living expenses, including his home mortgage.

8. As of the date of this Motion, no hearing has been set, the Government has not responded to Dkt. 31, 32, or 34, and no order has entered on any of them. The 10-day period after the Court received Dkt. 34 ended on or about October 2, 2026, and more than five weeks have passed since Dkt. 31 was filed.

9. The hearing should address the exemption claims, the amount the Government claims is owed, and whether the restitution order's payment terms permit this enforcement (Brief, Parts III and IV). Good cause exists to expedite. 28 U.S.C. § 1657(a); Fed. R. Civ. P. 1. Defendant has no other adequate means to protect his exempt benefits while the funds remain restrained.

10. This Motion does not ask the Court to decide the merits now. Defendant's separate challenges to the underlying restitution judgment are raised in No. 4:12-cr-20101 (Dkt. 66) and are not repeated or waived here.

WHEREFORE, Defendant respectfully requests the relief stated in the Conclusion of the Brief in Support.

**STATEMENT REGARDING CONCURRENCE (E.D. Mich. LR 7.1(a))**

On October 7, 2026, Defendant emailed Assistant United States Attorney Jessica Ashley Nathan, counsel for the United States, explained the nature of this

Motion and its legal basis, and requested concurrence in the relief sought by October 9, 2026. No response was received by the date of filing. Despite these reasonable and timely efforts, Defendant was unable to conduct a conference. See E.D. Mich. LR 7.1(a)(2)(B).

Respectfully submitted,

______________________________

Gregory N. McKnight
Defendant, Pro Se
405 Harshman St
Rawlins, WY 82301
Phone: 810-252-7451
Email: mcgreg22060@gmail.com

Dated: October 13, 2026

**VERIFICATION UNDER 28 U.S.C. § 1746**

I, Gregory N. McKnight, state that I received NFCU's Answer (Dkt. 30) by mail on or after September 2, 2026. I further state that the facts in paragraphs 5 and 7 of this Motion concerning my receipt of the Answer, my benefit deposits, and the effect of the account restriction are within my personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 13, 2026.

Gregory N. McKnight

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO EXPEDITE RULING ON PENDING MOTIONS AND TO SET HEARING UNDER 28 U.S.C. §§ 3202(d) AND 3205(c)(5)

### STATEMENT OF ISSUES PRESENTED

1. Should the Court promptly set the hearing provided by 28 U.S.C. §§ 3202(d) and 3205(c)(5) on Defendant's written objection to the Garnishee's Answer (Dkt. 34) and his earlier hearing requests and claims of exemption (Dkt. 31, 32)?

   Defendant answers: Yes.

2. Should the Court rule on Defendant's fully briefed motions to stay (Dkt. 7, 19), his emergency motion for release of exempt funds (Dkt. 32), and his objection (Dkt. 34)?

   Defendant answers: Yes.

3. Pending the hearing, should the Court direct NFCU to release, or at minimum not remit to the United States, funds traceable to Defendant's VA disability compensation?

   Defendant answers: Yes.

4. Should the Court direct the Government to state the correct balance and to identify any payment schedule it contends governs collection of the restitution?

   Defendant answers: Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

28 U.S.C. § 3202(d)

28 U.S.C. § 3205(a), (b)(1)(B), (c)(2)(F), (c)(4)(C), (c)(5), (c)(7)

28 U.S.C. § 1657(a)

18 U.S.C. § 3572(d)(1)

18 U.S.C. § 3613(a), (f)

18 U.S.C. § 3664(f)(2)

26 U.S.C. § 6334(a)(10)

38 U.S.C. § 5301(a)(1)

Fed. R. Civ. P. 1

*Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393 (6th Cir. 1977)

*United States v. Carson*, 55 F.4th 1053 (6th Cir. 2022)

*United States v. Martinez*, 812 F.3d 1200 (10th Cir. 2015)

*United States v. Crowther*, 473 F. Supp. 2d 729 (N.D. Tex. 2007)

*United States v. Roush*, 452 F. Supp. 2d 676 (N.D. Tex. 2006)

*Ellingburg v. United States*, 607 U.S. 163 (2026)

*Landis v. North American Co.*, 299 U.S. 248 (1936)

*Porter v. Aetna Casualty & Surety Co.*, 370 U.S. 159 (1962)

## BACKGROUND

The facts are set out in paragraphs 1 through 8 of the Motion. In short: the stay motions (Dkt. 7, 19) have been fully briefed since July 30, 2026; Defendant made written hearing requests in Dkt. 31 and 32 and filed a written, served objection to NFCU's Answer in Dkt. 34; no hearing has been set; and NFCU continues to restrain accounts that receive Defendant's VA disability compensation and Social Security benefits.

## ARGUMENT

### I. Dkt. 34 is a timely, served objection under § 3205(c)(5), and the statute calls for a prompt hearing.

Within 20 days after receipt of the garnishee's answer, the judgment debtor "may file a written objection to the answer and request a hearing." 28 U.S.C. § 3205(c)(5). The objecting party must state the grounds, and the objection must be served on the garnishee and all other parties. *Id.*; *United States v. Crowther*, 473 F. Supp. 2d 729, 731-32 (N.D. Tex. 2007). Dkt. 34 meets each requirement. It is in writing; it was received by the Court on September 22, 2026, within 20 days after Defendant received the Answer on or after September 2 (see Verification); it states specific grounds; and it was served on AUSA Nathan and on NFCU (PageID.202-208). Once such a request is made, "[t]he court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable." 28 U.S.C. § 3205(c)(5).

Dkt. 31 and 32 were also written requests for a hearing under § 3202(d), which provides that the court "shall hold a hearing on such motion as soon as practicable, or, if so requested by the judgment debtor, within 5 days after receiving the request or as soon thereafter as possible." The Government acknowledges that a judgment debtor may request a § 3202(d) hearing (Dkt. 21, PageID.99), and the Clerk's Notice served with the writ described both hearing rights (Dkt. 27, PageID.145-146). A § 3202(d) hearing covers the probable validity

of any claim of exemption and the Government's compliance with statutory requirements. 28 U.S.C. § 3202(d)(1), (2). The scope of a § 3205(c)(5) hearing is broader: "the scope of objections under section 3205(c)(5) is not limited; a debtor may raise any objection, provided it pertains to the writ of garnishment." *Crowther*, 473 F. Supp. 2d at 731.

After a timely requested hearing, the disposition order follows "within 5 days after the hearing, or as soon thereafter as is practicable." 28 U.S.C. § 3205(c)(7). Before restrained funds are turned over, the court must make "the minimal findings necessary to determine whether [the] funds fell within these statutes." *United States v. Carson*, 55 F.4th 1053 (6th Cir. 2022). Defendant recognizes that the "as soon thereafter as is practicable" language gives the Court scheduling flexibility. He respectfully submits that, with the 10-day period after Dkt. 34 having ended on or about October 2, 2026, and exempt benefits restrained throughout, a hearing date should now be set.

## II. Good cause exists to rule promptly on the fully briefed motions.

Federal courts "shall expedite the consideration of . . . any other action if good cause therefor is shown," and good cause exists where "a right under . . . a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit." 28 U.S.C. § 1657(a). The Sixth Circuit has recognized that "a party has a right to a determination of its rights and

liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977). The Court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). And the Rules are to be employed "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Those standards are met. The rights to a hearing and to the exemptions are statutory. The stay motions have been fully briefed for more than two months, the emergency motion (Dkt. 32) concerns funds Defendant needs for basic living expenses, and the Government has not responded to Dkt. 31, 32, or 34. A ruling either way will let the parties and the Garnishee know where things stand.

## III. Pending the hearing, VA disability funds should be released or, at minimum, not remitted.

A writ reaches only property "in which the debtor has a substantial nonexempt interest." 28 U.S.C. § 3205(a), (c)(2)(F). For restitution, the applicable exemptions are those in 18 U.S.C. § 3613(a)(1), not 28 U.S.C. § 3014. 18 U.S.C. § 3613(a)(2), (f). Section 3613(a)(1) incorporates 26 U.S.C. § 6334(a)(10), which exempts "[a]ny amount payable to an individual as a service-connected . . . disability benefit" under the listed provisions of title 38. The Clerk's Notice served with this writ lists "[c]ertain service-connected disability payments. 26 U.S.C. § 6334(a)(10)" among the available exemptions (Dkt. 27, PageID.144), and the

Government's own response cites *United States v. Nash*, 175 F.3d 440, 443 (6th Cir. 1999), for the point that the § 6334 exemptions apply to § 3613 enforcement (Dkt. 21, PageID.98-100). Separately, 38 U.S.C. § 5301(a)(1) provides that VA benefit payments "shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary." In a private-creditor case construing the predecessor of § 5301, the Supreme Court held that deposited VA benefits remained protected where they were "readily available as needed for support and maintenance, actually retain the qualities of moneys, and have not been converted into permanent investments." *Porter v. Aetna Casualty & Surety Co.*, 370 U.S. 159, 162 (1962).

The record shows why a prompt hearing matters. At service, the VA account held $15.89 and all three accounts together held $586.75 (Dkt. 30, PageID.168). Nearly all funds frozen since then are VA and Social Security deposits that arrived after service, and the Answer does not address them. The VA letter confirms the service-connected character and amount of the benefit (Dkt. 35, Ex. B, PageID.217), and Defendant's sworn affidavit identifies account 0907 as VA-only (Dkt. 31, PageID.174-178). Defendant also preserves the argument that VA compensation deposited after the writ issued on July 29, 2026 was still an "amount payable" under § 6334(a)(10) when the writ issued.

Defendant's Social Security point is narrower. He acknowledges that § 3613(a) applies "[n]otwithstanding any other Federal law (including section 207 of the Social Security Act)," so 42 U.S.C. § 407 does not by itself bar enforcement of a restitution judgment against Social Security benefits. But the United States is already collecting 15% of the same payment at the source for this debt (Dkt. 35, Ex. C, PageID.220), while the Answer reports no prior withholdings, even though § 3205(c)(4)(C) calls for "a description of any previous garnishments to which such property is subject." How much of the deposited remainder may be restrained is a question for the hearing.

The interim relief requested is modest. The writ directs NFCU not to deliver property until the Court orders distribution (Dkt. 27, PageID.139-142), and the Answer says the same (Dkt. 30, PageID.169). Releasing VA-traceable funds, or at minimum barring their remittance before the hearing, protects funds that federal law exempts and costs the Government nothing if it ultimately prevails.

## IV. The hearing should also address the amount claimed and the order's payment terms.

*Amount.* The application must state "the nature and amount of the debt owed." 28 U.S.C. § 3205(b)(1)(B). On July 23, 2026, the Government told the Court that the outstanding balance was $48,957,585.04 (Dkt. 21, PageID.100) and that it "is still in the process of reconciling the amounts collected by the Receiver with the United States' balance" (PageID.97). Six days later, the NFCU writ stated

that $31,344,396.71 was presently owing (Dkt. 27, PageID.139-142). The application and writ also state the judgment as $48,969,660.00 (Dkt. 22, PageID.106-108; Dkt. 27), while the judgment imposes restitution of $48,969,560.00 (No. 4:12-cr-20101, Dkt. 16, PageID.114). Defendant does not ask the Court to resolve these figures now. They are a factual dispute bearing on statutory compliance under § 3202(d)(2), and the Government should state the correct balance before or at the hearing.

*Payment terms.* By statute, the court specifies "the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2). Payment is due immediately "unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1). Here the Court provided otherwise. The six-page judgment approved Inmate Financial Responsibility Program schedules while Defendant was in custody (PageID.111). It made it a condition of supervised release that he "pay in accordance with the Schedule of Payments sheet of this judgment" (PageID.112), but no Schedule of Payments sheet is part of the judgment, and the judgment nowhere states that restitution is due immediately. Its special condition requires "monthly payments on any remaining balance of the restitution at a rate and schedule recommended by the Probation Department and approved by the Court" (PageID.113). The record contains no Probation-recommended, Court-approved schedule, and Defendant has

informed the Court that he never received one from the Probation Office in Wyoming (Dkt. 35 ¶ 6, PageID.212). The Government has not asserted that restitution is due immediately or that any such schedule exists.

"The government has statutory authority to enforce only the terms of a restitution order." *United States v. Martinez*, 812 F.3d 1200, 1207 (10th Cir. 2015); see also *United States v. Roush*, 452 F. Supp. 2d 676, 681-82 (N.D. Tex. 2006) (government may use § 3613 "only to the extent that restitution payments are currently due and owing under the payment schedule established under section 3664(f)(2), or as modified under section 3664(k)"). The Supreme Court has confirmed that "the MVRA makes abundantly clear that restitution is criminal punishment," which courts impose "as part of the sentence." *Ellingburg v. United States*, 607 U.S. 163, 167 (2026) (quoting *Manrique v. United States*, 581 U.S. 116, 118 (2017)). Because restitution is part of the criminal sentence, the Government's collection must follow the judgment's terms as written. Defendant does not ask the Court to decide this question on this Motion. At minimum, whether a garnishment of this scope is consistent with the order's monthly-payment terms is an objection that "pertains to the writ of garnishment" and should be addressed at the § 3205(c)(5) hearing. *Crowther*, 473 F. Supp. 2d at 731. The Government should identify any payment schedule it contends governs.

## CONCLUSION AND RELIEF REQUESTED

For these reasons, Defendant respectfully requests that the Court:

(1) Set the hearing under 28 U.S.C. §§ 3202(d) and 3205(c)(5) on Defendant's objection and claims of exemption (Dkt. 31, 32, 34) within 10 days of this Motion or at the Court's earliest availability, with notice to all parties and the Garnishee;

(2) Rule on Defendant's fully briefed motions to stay (Dkt. 7, 19), his Emergency Motion for Immediate Release of Exempt Funds (Dkt. 32), and his objection to the Answer (Dkt. 34);

(3) Pending the hearing, order NFCU to release to Defendant funds traceable to VA disability compensation deposits or, at minimum, order that no such funds be remitted to the United States until further order;

(4) Direct the Government, before the hearing, to state the correct restitution balance and to identify any payment schedule it contends governs collection; and

(5) Grant such other relief as the Court deems just.

Respectfully submitted,

Gregory N. McKnight
Defendant, Pro Se
405 Harshman St
Rawlins, WY 82301
Phone: 810-252-7451
Email: mcgreg22060@gmail.com

Dated: October 13, 2026

## CERTIFICATE OF SERVICE

I certify that on October 13, 2026, I served a copy of this Motion, Verification, and Brief in Support on the following by first-class United States Mail, postage prepaid:

Jessica Ashley Nathan
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(by United States Mail, first-class postage prepaid)

Navy Federal Credit Union (Garnishee)
Attn: Garnishment Team
P.O. Box 2464
Merrifield, VA 22116
(by United States Mail, first-class postage prepaid)

Gregory N. McKnight

Gregory N. McKnight
405 Harshman St.
Rawlins, WY 82301

Retail

U.S. POSTAGE PAID
USPS Ground Advtg
RAWLINS, WY 82301
OCT 13, 2026

48226

$12.10

RDC 01 0 Lb 15.80 Oz S2322S502228-10

Clerk of Court
United States District Court
Eastern District of Michigan
231 W. Lafayette Blvd.
Detroit, MI 48226

RECEIVED
OCT 23 2026
CLERK'S OFFICE
DETROIT

USPS TRACKING® #

9500 1106 0597 6286 6972 85

Water and Tear Resistant